**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT, DEPARTMENT OF THE TRIAL COURT**

DANIEL J. SULLIVAN,

 Plaintiff,

v.

WILLIAM K. WOODRUFF, III,
WOODRUFF FAMILY, LTD. and,
OPTICAL SWITCH CORPORATION,

 Defendants.

§ § § § § § § § § § § § §

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

05-10310 MLW

RECEIPT # 62184
AMOUNT $ 250.00
SUMMONS ISSUED N/A
CIVIL ACTION NO. 05-180
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 2/16/05

MAGISTRATE JUDGE RBC

ORIGINAL
FILED IN CLERK'S OFFICE
2005 FEB 16 A 11: 15
U.S. DISTRICT COURT
DISTRICT OF MASS.

## NOTICE OF REMOVAL

Defendants, WILLIAM K. WOODRUFF, III, WOODRUFF FAMILY LTD, and OPTICAL SWITCH CORPORATION (hereinafter "Defendants"), hereby file this Notice of Removal of the above-described action to the United States District Court for the District of Massachusetts, from the Superior Court Department, Commonwealth of Massachusetts where the action is now pending as provided by Title 28, United States Code, Section 1441 *et seq.* and hereby state as follows:

 1. William K. Woodruff, III, Woodruff Family, Ltd., and Optical Switch Corporation are the defendants in a lawsuit styled *Daniel J. Sullivan v. William Woodruff, III, Woodruff Family, Ltd. and, Optical Switch Corporation*, Civil Action No. 05-180, Superior Court of Norfolk County, Department of the Trial Court, Commonwealth of Massachusetts (hereinafter, the "State Court Action"). A true and correct copy of the complaint filed in the State Court Action is attached hereto as Exhibit "A."

NOTICE OF REMOVAL
PAGE 1

2.  The State Court Action was commenced by Plaintiff, Daniel J. Sullivan ("Plaintiff"), in the Superior Court of Norfolk County, State of Massachusetts and is now pending in that court. Process has not been served on Defendants. A copy of the Plaintiff's complaint setting forth the claim for relief upon which the State Court Action is based was first received by the Defendants on or after January 31, 2005.

3.  The State Court Action is a civil action for declaratory judgment. The United States District Court for the District of Massachusetts has jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

4.  Plaintiff is now and at the time the State Court Action was commenced a citizen of the State of Massachusetts.

5.  Defendants are now and at the time the State Court Action was commenced citizens of the State of Texas.

6.  Defendants are not citizens of the state in which the action was brought. The matter in controversy exceeds, exclusive of costs and disbursements, the sum or value of $75,000. No change of citizenship of parties has occurred since the commencement of the State Court Action.

7.  All of the Defendants consent to the filing of this Notice of Removal.

8.  A copy of all process, pleadings and orders informally transmitted to Defendants' counsel is filed with this notice and is attached hereto as Exhibit "A."

9.  Defendants will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

10. A copy of this Notice of Removal will be filed with the clerk of the Superior Court of Norfolk County for the Commonwealth of Massachusetts as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed to it.

Dated: February 14, 2005

Respectfully submitted,

**BOYD & ASSOCIATES**

*/s/ K.A. Kennedy*

**Samuel L. Boyd, P.C.**
State Bar No. 02777500
**Kirk A. Kennedy**
State Bar No. 00794080

600 University Tower, LB 48
6440 N. Central Expressway
Dallas, Texas 75206
(214) 696-2300
(214) 363-6856 (fax)

*ATTORNEYS FOR DEFENDANTS WILLIAM K. WOODRUFF, III, WOODRUFF FAMILY, LTD. and OPTICAL SWITCH CORPORATION*

# EXHIBIT "A"

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

SUPERIOR COURT
DEPARTMENT OF
THE TRIAL COURT

DANIEL J. SULLIVAN )
)
Plaintiff, )
)
v. ) CIVIL ACTION
) NO.
WILLIAM K. WOODRUFF, III, )
WOODRUFF FAMILY, LTD. and )
OPTICAL SWITCH CORPORATION )
Defendants. )

COPY

## COMPLAINT FOR DECLARATORY JUDGMENT

1. By this complaint, plaintiff Daniel J. Sullivan ("Sullivan") seeks a declaration, pursuant to M.G.L. c. 231A, §1 et seq., that he is not liable for any damages allegedly suffered by defendants William K. Woodruff, III ("Woodruff"), Woodruff Family, Ltd. ("WFL") or Optical Switch Corporation ("OSC"). Sullivan is specifically seeking a declaration that he is not liable for any obligations or liability asserted against Holographic Lithography Systems, Inc. ("HLS"), a dissolved Delaware corporation.

### PARTIES

2. Sullivan is an individual residing in Wellesley, Massachusetts.

3. On information and belief, Woodruff is an individual residing in Texas.

4. On information and belief, WFL is a limited partnership in the State of Texas, which controls Woodruff's personal and family investments.

5. On information and belief, OSC is a Texas corporation whose charter has been revoked.

14. Woodruff also retained Bart Showalter ("Showalter"), of Baker Botts LLP, to perform intellectual property due diligence for the proposed investment in HLS. Showalter, among other things, examined HLS' patents and reviewed documents concerning financing that HLS had previously obtained.

15. Prior to August 31, 1998, Woodruff was provided a copy of HLS' business plan.

16. After completing thorough due diligence, Woodruff and WFL made the decision to invest $2 million in HLS. On or about August 31, 1998, HLS agreed to sell WFL 20,672 Series C preferred shares at a price of $96.75 per share. WFL was required to invest $1 million immediately and another $1 million on December 1, 1998.

17. Sullivan never met Woodruff in person to discuss HLS and had only one telephone conversation with Woodruff prior to WFL's investment. During this conversation, Sullivan did not make any false or fraudulent representations concerning HLS to Woodruff. Sullivan also had a second telephone conversation with Woodruff in or around December 1998 prior to WFL's second investment. During this conversation, Sullivan made no false or fraudulent representations to Woodruff.

18. Prior to December 1, 1998, HLS agreed to amend the purchase price to approximately $74 a share for the Series C preferred shares.

B. Optical Switch Corporation Purchases HLS

19. In or around 1999, Nabhan became president and Chief Executive Officer of Optical Switch Corporation ("OSC"). OSC is a Texas corporation with a principal place of business in Dallas, Texas. OSC specializes in the design and manufacture of transparent optical switch modules and subsystems for telecommunications customers. At all relevant times, Woodruff was the majority shareholder of OSC.

20. In the fall of 1999, OSC inquired about the possibility of using HLS' technology in the manufacturing of its optical switch products. Bob Gardner, OSC's Chief

-3-

Technical Officer, visited HLS, and HLS produced samples of its capabilities for OSC to analyze.

21. In October 1999, Woodruff and Nabhan offered Sullivan the opportunity to invest in OSC. In or around October 29, 1999, Sullivan purchased a total of $200,000 worth of OSC shares for $0.77 per share and, approximately two months later, in or around December 1999, Sullivan purchased an additional $250,000 worth of OSC shares for $45.58 per share. In or around December 1999, Sullivan was appointed to OSC's Board of Directors. Sullivan had no operational involvement in OSC.

22. By the end of March 2000, OSC had raised $58 million from institutional investors, such as Putnam Investment Management and Wellington Management Company LLP, to fund its operations. As of March 2000, OSC remained interested in acquiring HLS.

23. In or around May 19, 2000, OSC and HLS entered into an Asset Purchase Agreement ("Agreement"), in which OSC acquired the assets of HLS. Pursuant to this Agreement, OSC acquired the assets of HLS in exchange for (i) 1,020,115 shares of OSC Series B Preferred Stock and (ii) 69,822 additional shares of OSC Series B Preferred Stock, which shares were placed in an escrow account. OSC also agreed to assume the liabilities of HLS.

24. After the acquisition, Sullivan had no involvement with either OSC's or HLS's day-to-day operations.

25. Prior to the closing of this acquisition, OSC conducted a thorough review of HLS' technology and retained Wasserstein Perella & Co. ("Wasserstein")[1], a New York City-

---

[1] In or around September 2000, Wasserstein was acquired by Dresdner Bank AG. Wasserstein combined with Dresdner Bank's investment banking unit, Dresdner Kleinwort Benson, and is now known as Dresdner Kleinwort Wasserstein, LLC.

based independent investment banking firm, to provide a fairness opinion on the transaction. On information and belief, Wassertstein was selected and/or approved by Woodruff.

26. Woodruff, Nabhan, Sullivan and Don Navarro ("Navarro") were members of OSC's Board of Directors. Because Woodruff, Sullivan and Nabhan were shareholders of HLS and Nabhan and Sullivan were members of HLS' board of directors, OSC appointed a special committee of the Board to review the HLS transaction and to make a recommendation to the Board of Directors on how to proceed. Navarro was the only member of the special committee and he recommended that OSC should acquire HLS. Sullivan recused himself from the Board vote. The other three members of the Board -- Woodruff, Nabhan, and Navarro -- unanimously agreed to approve OSC's acquisition of HLS.

C. Woodruff's Financial Difficulties

27. On information and belief, in or around 2000, Woodruff had a $6 million personal tax liability to the United States Treasury relating to his 1999 taxes. In an attempt to cure his financial problems, Woodruff desired to sell his OSC stock and requested that OSC buy back his stock. OSC refused to buy back Woodruff's stock.

28. At that time, OSC was also attempting to raise additional capital from outside sources and needed to disclose Woodruff's financial situation to potential investors. Woodruff refused to authorize or make such a disclosure, and, as a result, OSC was prevented from obtaining additional capital.

29. In October 2001, Woodruff requested that OSC loan him $500,000. After Nabhan consulted with Sullivan and others, OSC decided not to loan money to Woodruff.

30. In December 2001, Woodruff removed Sullivan and Nabhan from OSC's Board of Directors. On information and belief, as of this time, OSC had approximately $9.6 million remaining in cash out of the $58 million that it had previously raised.

31. On information and belief, OSC never generated any significant revenues from the optical switch product line.

D. **Woodruff, WFL and OSC claim that they were defrauded**

32. Woodruff, WFL and OSC claim that HLS and Sullivan made a concerted, unlawful effort to benefit themselves and the shareholders of HLS to the detriment of OSC, Woodruff, and WFL.

33. Woodruff, WFL and OSC claim that HLS and Sullivan made false and fraudulent representations to induce WFL and Woodruff to invest and maintain investment in HLS.

34. Woodruff, WFL and OSC claim that HLS and Sullivan made false and fraudulent representations to induce OSC to purchase the assets of HLS.

35. Woodruff, WFL and OSC claim that Sullivan, to their detriment, unlawfully conspired with Nabhan to induce WFL and Woodruff to invest and maintain investment in HLS.

36. Woodruff, WFL and OSC claim that Sullivan, to their detriment, unlawfully conspired with Nabhan to arrange for OSC to acquire HLS' assets at a highly inflated price.

37. Sullivan contends that his actions (i) were completely appropriate, (ii) were performed in good faith, (iii) were not fraudulent or unlawful and (iv) were not the cause of any harm allegedly incurred by WFL, Woodruff or OSC.

**COUNT I**
**(Sullivan, As a Director, Officer, Shareholder or Successor of HLS, is Not Liable to Woodruff, WFL or OSC for Any Alleged Damage)**

38. Sullivan incorporates the allegations of Paragraphs 1-37 as if set fully herein.

39. HLS was dissolved in June 2000. Prior to its dissolution, HLS paid or made reasonable provision to pay all claims known to the corporation, made such provision as would be reasonably likely to be sufficient to provide compensation for any claim which was the subject of a pending action, and made such provision as would be reasonably likely to be

-6-

LITDOCS/586084.1

sufficient to provide compensation for claims that had not been made known to the corporation or that had not arisen but that, based on facts known to the corporation, were likely to arise or to become known within 10 years after the date of dissolution. This included having OSC assume all relevant liabilities of HLS and setting aside funds in escrow concerning certain claims against HLS.

40. As former director, officer, shareholder or alleged successor of HLS, Sullivan is entitled to a declaration that he is not liable, to WFL, Woodruff or OSC for any damages that they have incurred as a result of WFL's purchase of HLS stock and/or OSC's acquisition of HLS. As former director, officer, shareholder or alleged successor of HLS, Sullivan is entitled to a declaration that he is not liable, to WFL, Woodruff or OSC for any damages that they have incurred because OSC, pursuant to the Asset Purchase Agreement, agreed to assume all liabilities of HLS and at the time of its dissolution, there were no claims known to HLS and no facts known to HLS or to become known to HLS which would be the possible basis for a future claim against HLS.

## COUNT II
(Sullivan Is Not Liable to Woodruff, WFL or OSC for Any Alleged Damage)

41. Sullivan incorporates the allegations of Paragraphs 1-40 as if set fully herein.

42. There is an actual case and controversy between the parties concerning their respective rights and obligations, on which a declaratory judgment is necessary and appropriate.

43. Sullivan is entitled to a declaration that he is not liable to WFL, Woodruff or OSC for any damages that they have allegedly incurred as a result of WFL's purchase of HLS stock and/or OSC's acquisition of HLS. Sullivan is entitled to a declaration that he is not liable to WFL, Woodruff or OSC for any damage that they have allegedly incurred.

WHEREFORE, pursuant to M.G.L. c. 231A, §1 et seq., Sullivan respectfully requests that the Court:

LITDOCS/586084.1

(a) enter an Order declaring that Sullivan, either individually or as former director, officer, shareholder or alleged successor of HLS, is not liable to WFL for any damages that it has allegedly incurred as a result of WFL's purchase of HLS stock and/or OSC's acquisition of HLS.

(b) enter an Order declaring that Sullivan, either individually or as former director, officer, shareholder or alleged successor of HLS, is not liable to Woodruff for any damages that he has allegedly incurred as a result of WFL's purchase of HLS stock and/or OSC's acquisition of HLS.

(c) enter an Order declaring that Sullivan, either individually or as former director, officer, shareholder or alleged successor of HLS, is not liable to OSC for any damages that he has allegedly incurred as a result of WFL's purchase of HLS stock and/or OSC's acquisition of HLS.

(d) enter an Order declaring that Sullivan, either individually as former director, officer, shareholder or alleged successor of HLS, is not liable to Woodruff, WFL or OSC for any damages that they have allegedly incurred.

(e) award Sullivan its costs and attorneys' fees; and

(f) grant such other and further relief as this Court shall deem just and equitable.

Respectfully submitted,

DANIEL J. SULLIVAN

By his attorneys,

_____
Victor H. Polk, Jr. (BBO # 546099)
William F. Benson (BBO # 646808)
Serena D. Madar (BBO # 654326)
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: January 31, 2005

-9-

LITDOCS/585084.1

≈JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Daniel J. Sullivan

**DEFENDANTS** William R. Woodruff, III, Woodruff Family, Ltd., Optical Switch Corporation, Dallas, TX

FILED IN CLERKS OFFICE
2005 FEB 16  A 11: 15

(b) County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05 10310 MLW

(c) Attorney's (Firm Name, Address, and Telephone Number)
Victor H. Polk  (617) 951-8000
Bingham McCutcheon
150 Federal St., Boston, MA 02110

Attorneys (If Known)
Kirk A. Kennedy  (214)696-2300
Boyd & Associates
6440 No. Central Expy, #600, Dallas, TX 75206

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** / **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations / ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) / ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 / ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title 28, U.S. Code Section 1441

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 02/14/05

SIGNATURE OF ATTORNEY OF RECORD: /s/ A. Kennedy

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Daniel J. Sullivan v. William K. Woodruff, III

    FILED
    IN CLERK'S OFFICE
    2005 FEB 16 A 11:15
    U.S. DISTRICT COURT
    DISTRICT OF MASS.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740,
              790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        * Also complete AO 120 or AO 121
                                                                                for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

    05  10310 MLW

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)
    YES ☐    NO ☒
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
    YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?
    YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).
    YES ☐    NO ☒
    OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
    YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
    YES ☐    NO ☒
    (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Boston

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☒   OR WESTERN DIVISION; YES ☐ NO ☒

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐    MEDIATION ☐    SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                  OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Kirk A. Kennedy, Boyd & Associates
ADDRESS 6440 No. Central Expressway, #600, Dallas, TX 75206
TELEPHONE NO. (214) 696-2300

(Category Form.wpd - 3/28/2000)