UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL J. SULLIVAN )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM K. WOODRUFF, III, )<br>WOODRUFF FAMILY, LTD. and )<br>OPTICAL SWITCH CORPORATION )<br>  Defendants. )<br>) | Civil Action No.<br>05-CV-10310-MLW<br><br>**(ORAL ARGUMENT REQUESTED)** |

**DEFENDANTS' MOTION FOR LEAVE TO FILE
PRELIMINARY REPLY TO PLAINTIFF'S OPPOSITION TO DISMISSAL
FOR LACK OF JURISDICTION AND SUPPORTING MEMORANDUM**

**TO THE HONORABLE COURT:**

**COME NOW** Defendants, WILLIAM K. WOODRUFF, III ("WKW"), WOODRUFF FAMILY, LTD. ("WFL") and OPTICAL SWITCH CORPORATION ("OSC"), moving for leave to file a Preliminary Reply to the Opposition of Plaintiff Daniel J. Sullivan ("Sullivan") to Defendants' Motion to Dismiss, and would show as follows:

**I.**

**Defendants' Request to File a Brief, Preliminary Reply to
Sullivan's Opposition to Dismissal**

1.   In the body of his Opposition, Sullivan made many material and outcome-determinative inaccurate representations about the relevant facts, law, and the procedural status of the first-filed parallel Texas/Massachusetts damages cases. Defendants seek leave to file a preliminary reply thereto in order to correct the most prominent of these untrue representations. **See Exhibit A**, attached hereto and incorporated herein (proposed Preliminary Reply). As set

forth in their simultaneously filed Motion for Limited Discovery, with regard to Sullivan's conclusory Affidavits and documentary evidence, Defendants need an opportunity to conduct fact discovery, written and oral, in order to establish: (a) their lack of jurisdictional contacts within Massachusetts in regard to Plaintiff's declaratory judgment claims; and (b) contrary to Sullivan's contentions, his extensive and jurisdictionally meaningful contacts with Texas as they relate to his claims.

## II.

### In View of this Case's Complexity, Permitting Defendants Leave Would Serve the Interests of Justice and Not Unduly Prejudice Sullivan

2.  Defendants herein, Texas Plaintiffs in the first-filed state court damages suits (now consolidated) do not seek leave to file their Preliminary Reply (Exhibit A hereto) for purposes of delay or to unduly prejudice Sullivan. Instead, they want to:

   a. Correct the worst of Sullivan's misstatements in order to forestall the Court forming misconceptions about key points of fact and law regarding its lack of subject matter jurisdiction and personal jurisdiction over all Defendants, except, possibly, OSC; and

   b. Present the Court with the controverting evidence that Defendants have already filed in opposition to Sullivan's Special Appearance filed on March 29, 2005, in the first-filed, and now consolidated, Texas state court damages suit.

3.  In Texas, Sullivan filed a Special Appearance (jurisdictional challenge) which Defendants have vigorously disputed. In a transparent attempt to prevent the Texas court from ruling on his Special Appearance, Sullivan has rescheduled his jurisdictional hearing three (3) different times. Presently, Sullivan has put off the Texas state court hearing on his Special Appearance until August 5, 2005. Previously, Sullivan secured a stipulated extension of time (until July 1, 2005) within which to file his Opposition to Defendants' Motion to Dismiss in this Court. As more fully explained in Defendants' Preliminary Reply, Sullivan's postponements and

extension all shared a single purpose: stall the Texas state court's ruling on his objections to jurisdiction. Therefore, considering Sullivan's dilatory tactics in Texas and this case's factual complexity, permitting Defendants to file their Preliminary Reply would not unduly delay this case nor unfairly prejudice Sullivan..

### III.

### Conclusion

4.     Defendants therefore respectfully seek leave to file their Preliminary Reply, and the Exhibits attendant thereto; such Preliminary Reply, attached hereto as Exhibit "A," to be deemed filed as of the date the Court enters an order granting Defendants their requested leave.

**FOR THESE REASONS,** Defendants pray for the relief expressly sought hereinabove and for any other further relief, at law or in equity, to which they may be justly entitled.

Dated:  July 21, 2005

Respectfully submitted,

**BOYD & ASSOCIATES**

_____
*Samuel L. Boyd, P.C.*
State Bar No. 02777500

600 University Tower, LB 48
6440 N. Central Expressway
Dallas, Texas  75206
(214) 696-2300
(214) 363-6856 (fax)

AND

JOHN N. LEWIS & ASSOCIATES

Lawrence R. Mehl (BBO#566235)
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109
(617) 523-0777

*Attorneys for* **WILLIAM K. WOODRUFF, III,
WOODRUFF FAMILY, LTD. and
OPTICAL SWITCH CORPORATION**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, this will certify that local counsel for Defendants herein, Lawrence R. Mehl, reached Bernard Bonn, III, Plaintiff Daniel Sullivan's counsel via telephone on July 13 and July 21, 2005, about the relief sought by this Motion. At that time, Plaintiff Sullivan's counsel refused to agree permitting Defendants to file a reply to Plaintiff's Opposition to Defendants' Motion to Dismiss. Therefore, Defendants submit this pleading for the Court's determination.

_____
Samuel L. Boyd, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, July 21, 2005, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants Motion to Dismiss and Memorandum in Support was served via electronic mail **bernard.bonn@dechert.com** or U.S. Mail upon counsel for the Plaintiff, Bernard J. Bonn III, Esquire, Dechert LLP, 200 Clarendon Street, 27th Floor, Boston, MA 02116.

_____
Samuel L. Boyd, P.C.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

DANIEL J. SULLIVAN )
)
Plaintiff, )
)
v. ) Civil Action No.
) 05-CV-10310-MLW
WILLIAM K. WOODRUFF, III, )
WOODRUFF FAMILY, LTD. and ) **(ORAL ARGUMENT REQUESTED)**
OPTICAL SWITCH CORPORATION )
Defendants. )
)

---

**DEFENDANTS' PRELIMINARY REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**

**COME NOW** Defendants, WILLIAM K. WOODRUFF, III ("WKW"), WOODRUFF FAMILY, LTD. ("WFL") and OPTICAL SWITCH CORPORATION ("OSC"), seeking leave to reply to the Opposition of Plaintiff Daniel J. Sullivan ("Sullivan," or, at times, the "Texas Defendant") to Defendants' Motion to Dismiss, and show as follows:

**I.**

**Grounds For Dismissal**

1.      Defendants seek dismissal of the instant lawsuit on the following grounds: (a) this Court (1) does not have or (2) should not exercise personal jurisdiction over Defendants, all of whom are Texas residents without sufficient minimum contacts with the State of Massachusetts[1];

---

[1] With the possible exception of OSC.

**DEFENDANTS' PRELIMINARY REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**
Page 1

(b) even assuming, *arguendo*, Defendant OSC's minimum contacts with Massachusetts, the exercise of personal jurisdiction over it does not comport with traditional notions of fair play and substantial justice; since (c) the first-filed, parallel Texas state court coercive, or damages, action addresses the entirety of issues and claims raised by Sullivan in his second-filed declaratory judgment action; and (d) other than diversity jurisdiction invoked by Defendants upon removal, no independent basis for federal subject matter jurisdiction exists over Sullivan's state law declaratory judgment action (i.e., no federal question arising under the Constitution, laws or treaties of the United States as required by 28 U.S.C. § 2201(a)).[2]

## II.

### Sullivan's Improper Use of a Declaratory Judgment Action to Preemptively Defeat Defendants' Texas Damages Suit Grounded in Tort

2. Sullivan has sought declarations of non-liability on the following grounds:

   a. As a former director, shareholder, officer, or alleged successor of Holographic Lithography Systems, Inc., ("HLS"), Sullivan is not liable to WFL, Woodruff or OSC for any damages that they incurred resulting from WFL's purchase of HLS stock (1998) and/or OSC's acquisition of HLS (2000);

   b. As a former director, officer, shareholder, or alleged successor of HLS, Sullivan is not liable to WFL, WKW or OSC for any damages that they incurred, because OSC, under the asset purchase agreement (2000), agreed to assume all liabilities of HLS, and at the time of its dissolution, "… no claims known to HLS and no facts known to HLS or to become known to HLS…" existed as a "possible basis for a future claim against HLS;"

---

[2] Defendants' removal of a state court declaratory judgment action to federal court converts the suit into one brought under the federal Declaratory Judgment Act; including, removal based upon diversity. Thus, federal law governs whether a district court should dismiss any such declaratory judgment action. See *Troops v. U.S. Fidelity & Guar. Lo.*, 571 F. Supp. 284, 287 & n.2 (S.D. Tex. 1994), rev'd on other grounds sub nom, *Troops v. Gulf Coast Marine, Inc.*, 72 F. 3d 483 (5th Cir. 1996); *DeFeo v. Proctor & Gamble Co.*, 831 F. Supp. 776, 779 (N.D. Cal. 1993); *Haagen-Dazs Shoppe Co. v. Barn*, 897 F. Supp. 122, 126 n. 2 (S.D.N.Y. 1995).

    **c.** Sullivan is not liable to WFL, WKW or OSC for any damages they incurred as a result of WFL's purchase of HLS stock (1998) and/or OSC's acquisition of HLS (2000); and

    **d.** Sullivan "is not liable to WFL, WKW or OSC for any damages that they have allegedly incurred."

**See Exhibit A**, attached hereto and incorporated by reference (Sullivan Complaint) Sullivan's real purpose in filing a declaratory judgment action on the above grounds, was to preemptively defeat Defendants' first-filed, multi-party Texas state court damages actions (now consolidated into a single suit) grounded in tort that involve claims already accrued by reason of the unlawful conduct of Sullivan in conspiracy with other Texas and Massachusetts Defendants (already joined to the Texas state suit).

    3.    Sullivan's preemptive use of a declaratory judgment action for this purpose is "not warranted," because as such relief is intended to operate prospectively, no basis exists where only past acts are involved. *Cunningham Bros., Inc. v. Bail*, 407 F. 2d 1156, 1167-68 (7th Cir. 1969), cert. denied, 395 U.S. 959 (1969); *BASF Corp. v. Symington*, 50 F. 3d. 555, 559 (8th Cir. 1995); Lexington Ins. Co. v. City of Phoenix, No. 96-10319, 1996 WL 463672 (D. Mass. July 31, 1996), at *2 (citing *Cunningham Bros., Inc.,* 407 F.2d at 1165-67). Sullivan erroneously claims that he first-filed his declaratory judgment action in a Massachusetts state court, but he nonetheless sealed his fate: prospective tort action defendants may not use declaratory judgments to obtain a declaration of non-liability, as all alleged losses already would have occurred through the defendant's past malfeasance. See *Torch, Inc. v. LeBlanc*, 947 F. 2d 193, 196 n. 2 (5th Cir. 1991). Indeed, forcing "personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tortfeasor would be a **perversion** of the Declaratory Judgment Act." *Cunningham Brothers, Inc.*, 407 F. 2d at 1167 (emphasis added); *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F 2d 1138, 1154 (5th Cir. 1993) (purpose of declaratory judgment action

not to give declaration of non-liability for past conduct). On this ground, alone, the Court should dismiss Sullivan's improper declaratory judgment action; especially, because Defendants **first-filed** their Texas state court damages suits (non consolidated) alleging a number of tortious violations by Sullivan and his co-conspirators regarding claims arising between 1998-2000, such causes are already well-ripened and accrued.

III.

Sullivan's Mischaracterizations
of Law and Fact Compel Defendants' Reply

4.　In his Opposition, Sullivan made many material and outcome-determinative in accurate representations of fact, as well as materially incorrect statements regarding the procedural status of the parallel Texas/Massachusetts cases. Absent a "clarifying discussion" of these issues, the Court is without essential building blocks necessary for a fair, reasoned and proper ruling.

A.

Material Fact Inaccuracies

5.　For example, Sullivan's Opposition misled the Court to believe that he first-filed his declaratory judgment action. Not true. On November 12, 2004, WFL filed a shareholder damages suit, under Texas law, against Sullivan's non-resident company, HLS, and Gary P. Nabhan ("Nabhan") in the County Court at Law No. 3 of Dallas County, Texas ("county court case"). **See Exhibit B**, attached hereto and incorporated by reference (county court case). WFL claimed that, in 1998, it was fraudulently induced into investing some $2.0 million in HLS. Sullivan was the President, Chairman and largest founding shareholder of HLS. Nabhan (a Texas resident) was WFL's trustee and attorney-in-fact (with unlimited powers), and also a HLS Director. HLS has not accepted to jurisdiction in the first Texas damages suit, as no attorney or other representative has appeared for HLS. Indeed, the very terms of Sullivan's declaratory

judgment complaint filed on January 31, 2005 (two [2] months after the first Texas damages suit commenced), by its express terms, directly implied the existence of the already pending, parallel Texas case against HLS as of January 31st.

6.   On November 18, 2004, OSC filed a damages suit for corporate losses against HLS, Sullivan and Nabhan in the 14th State District Court in Dallas County, Texas ("state district court case"). **See Exhibit C**, attached hereto and incorporated by reference (district court case). Unlike the first-filed shareholder suit against HLS and Nabhan regarding a 1998 stock transaction, the second-filed Texas damages action consisted of OSC's corporate claims, under Texas law, against HLS, Sullivan and Nabhan arising from the Defendants' fraudulent inducement of OSC to acquire HLS's virtually worthless assets for $50 million in OSC stock. Both cases predated the filing of Sullivan's improper, preemptive declaratory judgment action.

7.   The reason for filing two (2) separate Texas damages suits arose from the desire to keep them separate: one asserting only shareholder claims (then, the 1998 stock transaction) and the other only OSC corporate claims (the 2000 sale of stock/asset acquisition transaction). However, as of February 10, 2005, the extensive review of the voluminous evidentiary documents and interviews with material witnesses made evident that the then-existing and prospective Defendants' violations were much broader and deeper than originally believed, as follows: (a) the 1998 WFL-HLS transaction (Texas suit no. 1) and the 2000 OSC-HLS transaction (Texas suit no. 2) were, in fact, part and parcel of an intertwined conspiracy directed by Sullivan and Nabhan; and (b) additional investors possessed shareholder claims relating to the fraudulent 1999-2000 Series B stock offering and the 2000 "pump and dump" executed by the OSC-HLS stock sale for HLS's assets in May 2000.  A First Amended Petition was filed on February 10, 2005, in the county court case (filed November 18, 2004), which joined the additional plaintiff-investors and defendants as parties in order to consolidate these intertwined

claims and parties. Amongst others, HLS insiders Sullivan, Robert Giordano (Giordano), Barry Coffman (Coffman), and Will Volkmann (Volkmann) were joined as parties to the county court case. Hence, as of February 10, 2005, Sullivan was a Texas Defendant in both Texas damages suits. Upon joinder to the Texas county court case, Sullivan counterclaimed for fraud against WKW/OSC and sought monetary damages.

**8.** By April 2005, the Texas Plaintiffs could no longer financially ignore the inextricable intertwining of the two (2) Texas lawsuits. Litigating the overlapping claims against many of the same Defendants (including Sullivan) on two (2) separate tracks became unnecessarily expensive and wasteful. Therefore, on April 4, 2005, OSC non-suited its corporate claims against HLS, Sullivan and Nabhan then-pending in the district court case (filed November 12, 2004) without prejudice to re-filing the same (as admitted by Sullivan in his Opposition, a mechanism permitted by Texas procedural rules). When Plaintiffs non-suited OSC's corporate claims against HLS, Nabhan and Sullivan, its corporate causes of action against Sullivan et al were already pending in the county court case (filed November 12, 2004).

**9.** Contrary to claims in Sullivan's Opposition, since November 18, 2004, when OSC filed its corporate claims against Sullivan, Nabhan and HLS, Sullivan has at all times been a Texas Defendant in a damages suit. He was non-suited from the OSC corporate damages case, filed on November 18, 2004, but only **after** being joined to the consolidated Texas shareholder damages suit which was first-filed on November 12, 2004. Attempting to avoid adjudication by a Texas court, Sullivan filed his preemptive Massachusetts declaratory judgment action on January 31, 2005, long after appearing as a Defendant in OSC's Texas damages suit filed on November 18, 2004.

**B.**

**Sullivan's Delay Tactics to Forestall
The Texas Court Ruling on his Special Appearance**

10.    Sullivan filed a Special Appearance in both the Texas state district court damages case (non-suited on April 5, 2005) and, to challenge the court's personal jurisdiction over him, in the consolidated Dallas county court securities case. Sullivan, for strategic reasons in this case, has reset his jurisdictional challenge several times in the Texas court in order to avoid a "jurisdiction decision" in Texas.[3]

11.    To delay the Texas court's ruling, Sullivan has reset the hearing on three (3) different occasions: from May 20, 2005 **(the day after** Defendants herein moved to dismiss his improper declaratory judgment action), to June 29, 2005, and finally, to August 5, 2005. Correlatively, Sullivan requested and secured an extension of time to respond to Defendants' Motion to Dismiss (filed May 19, 2005) until July 1, 2005 (right after Sullivan's June 29th Special Appearance setting). **See Exhibit D**, attached hereto and incorporated by reference (Texas re-settings; Massachusetts extension). Sullivan purposefully postponed the hearing on his Texas Special Appearance until after he had been able to fully respond to Defendants' Motion to Dismiss – all in the hopes that this Court would rule, first, by denying the dismissal, and thereby somehow affect the ability of the Texas court to proceed in one (1) consolidated case involving all parties and claims in a complex securities fraud case.

---

[3] Sullivan's non-resident company, HLS, of which he was the President, Chairman and largest founding shareholder, did not file a Special Appearance or appear through any representative.

**C.**

**Sullivan's Misrepresentations of Applicable Law**

12. Sullivan incorrectly urged that the U.S. Supreme Court's pronouncement in *Brillhart v. Excess Ins., Co. of America*, 316 U.S. 491 (1942), allegedly affords no persuasive authority for dismissing Sullivan's later-filed, pretextual declaratory judgment action. Sullivan urged *Brillhart's* alleged inapplicability because: (a) he first-filed a Massachusetts state declaratory judgment action; and (b) *arguendo*, he is not subject to personal jurisdiction in Texas.

13. First, as Sullivan's Special Appearance, a challenge to the Texas court's jurisdiction, remains pending by virtue of his "serial" re-settings in order to postpone any Texas ruling until August 2005. Nonetheless, since November 2004, Sullivan has been a "live" Texas Defendant before a Texas state court. Considering that Sullivan and Nabhan spearheaded the conspiracy to defraud the Plaintiff shareholders and OSC in a "2000 Texas corporate acquisition," Sullivan, an OSC director at the time, will be hard-pressed to convince the Texas court that he is not also amenable to Texas jurisdiction.

14. Second, as reaffirmed by the U.S. Supreme Court in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), *Brillhart* indeed governs a district court's decision to dismiss or stay a declaratory judgment action during the pendency of parallel state court proceeding. *Id.* at 277; **accord** *Atlas Copco Construction Tools, Inc. v. Allied Construction Products, L.L.C.*, 307 F. Supp 29 228, 232-33 (D. Mass. 2004); *Petricca v. FDIC*, 349 F. Supp. 64 (D. Mass. 2004). As stated by the U.S. Supreme Court in *Wilton*, 515 U.S. at 287, the federal courts possess a "unique breadth" of discretion to decline exercising jurisdiction over a declaratory judgment action. This is true regardless of: (a) Sullivan's joinder to the county court case before or after the state

district court case's nonsuit; and (b) the removal to federal court of his Massachusetts state court declaratory judgment action. See *Brillhart*, 316 U.S. at 495 & n. 2 (district court properly dismissed declaratory judgment action in favor of pending state garnishment proceeding to which insurer later joined as defendant, but before petitioner filed motion to dismiss.); *Troops*, 871 F. Supp. at 287 & n. 2 (when declaratory judgment in state court removed, converted into one brought under 28 U.S.C. §§ 2201, 2202); *DeFeo*, 831 F. Supp. at 779 (federal Declaratory Judgment Act implicated even in state court actions removed on basis of diversity); *Haagen-Dazs Shoppe*, 897 F. Supp. at 126 n. 2 (federal law governs dismissal of declaratory judgment action).

15.    The U.S. Supreme Court in *Wilton*, 515 U.S. at 282, emphasized that federal courts are well within their discretion to dismiss declaratory judgment actions where, as here, parallel state court proceedings provide an efficient forum for dealing with state law claims. Moreover, where, as here, "sufficient overlap exists" between fact and law issues, the state court should resolve the dispute to avoid piecemeal or duplicative litigation. See *Wilton v. Seven Falls Co.*, 41 F. 3d 934, 935 (5th Cir. [Tex.] 1994), aff'd, 515 U.S. 277. Thus, the Declaratory Judgment Act constitutes an "enabling act" conferring discretion on the federal courts, "not an absolute right upon the litigant." *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952).

III.

**No Personal Jurisdiction
Over The Texas Plaintiffs, The Defendants at Bar**

16.    Finally, in the interest of justice, Defendants should be allowed to factually rebut Sullivan's skewed rendition of the jurisdictional facts, as many were just not true, in order to demonstrate that: (a) Defendants WFL and Woodruff do not have minimum contacts with the State of Massachusetts; (b) asserting personal jurisdiction over any Defendant does not comport

with traditional notions of fair play and substantial justice; (c) Texas, not Massachusetts, was the focal point for the claims arising out of the 1998 HLS sale of stock to WFL in Dallas, Texas, and the frauds practiced upon OSC in Dallas, Texas, in December 1999 through May 2000; and (d) Sullivan intentionally engaged in extensive jurisdictional contacts with Texas that gave rise to the Texas Plaintiffs' claims against him and the other conspiring Defendants. **See Exhibits "E" and "F,"** attached hereto and incorporated by reference (Special Appearance Opposition; WKW Jurisdictional Affs. with Exhibits). In this supplemental reply, Defendants would apply the discovered facts to applicable Massachusetts law, which supports dismissal. **See** *United States v. Swiss American Bank, Ltd.*, 274 F.3d 610 (1st Cir. 2001). For this reason, Defendants have requested the Court to permit the parties to engage in limited jurisdictional discovery as more fully set forth in their Motion to Conduct Limited Jurisdictional Discovery.

### III.

### Conclusion

17.     **FOR THESE REASONS**, Defendants respectfully request the Court to grant their Motion to Dismiss in its entirety, and for any other or further relief, at law or in equity, to which they may be justly entitled.

Dated: July 21, 2005

Respectfully submitted,

**BOYD & ASSOCIATES**

*Samuel L. Boyd, P.C.*
State Bar No. 02777500

600 University Tower, LB 48
6440 N. Central Expressway
Dallas, Texas 75206
(214) 696-2300
(214) 363-6856 (fax)

AND

JOHN N. LEWIS & ASSOCIATES

Lawrence R. Mehl (BBO#566235)
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109
(617) 523-0777

*Attorneys for **WILLIAM K. WOODRUFF, III, WOODRUFF FAMILY, LTD.** and **OPTICAL SWITCH CORPORATION***

### CERTIFICATE OF SERVICE

I hereby certify that on this date, July 21, 2005, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants Motion to Dismiss and Memorandum in Support was served via electronic mail **bernard.bonn@dechert.com** or U.S. Mail upon counsel for the Plaintiff, Bernard J. Bonn III, Esquire, Dechert LLP, 200 Clarendon Street, 27th Floor, Boston, MA 02116.

*Samuel L. Boyd, P.C.*