UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANIEL J. SULLIVAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 05-CV-10310-MLW |
| WILLIAM K. WOODRUFF, III, | ) | |
| WOODRUFF FAMILY, LTD. and | ) | **(ORAL ARGUMENT REQUESTED)** |
| OPTICAL SWITCH CORPORATION | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTIONS FOR: (1) LIMITED DISCOVERY ON JURISDICTIONAL ISSUES; AND (2) POST-JURISDICTIONAL DISCOVERY, LEAVE TO FILE SUPPLEMENTAL REPLY AND MEMORANDUM IN SUPPORT**

**TO THE HONORABLE COURT:**

    **COME NOW** Defendants herein, WILLIAM K. WOODRUFF, III ("WKW"), WOODRUFF FAMILY, LTD. ("WFL") and OPTICAL SWITCH CORPORATION ("OSC"), seeking: (1) to conduct limited discovery on the jurisdictional issues raised by Defendants' Motion to Dismiss and the Opposition of Plaintiff Daniel Sullivan ("Sullivan") thereto (including Sullivan's attached Affidavits and documentary evidence); and 2) after completing this jurisdictional discovery per the Court's ordered date, to supplement their reply to Sullivan's Opposition and Affidavits.  In support of this requested relief, Defendants show as follows:

## I.

### Defendants' Request for
### Limited Jurisdictional Discovery

#### A.

##### The Transactions at Issue Are Complex
##### And Sullivan's Proffered Affidavits Are Riddled By Rank
##### Factual Misstatements, Admissibility Defects, And Are Objectively Suspect

1.      Sullivan attached two (2) Affidavits to his Opposition; his own and James Nole's ("Nole"), a shareholder of and employed in Sullivan's company.  The stock/asset purchase transactions at the heart of Sullivan's declaratory judgment action are factually complicated and multi-faceted.  The Affidavits of Sullivan and Nole "covered the waterfront" regarding these complex transactions.  Therein lies the problem.

2.      Objectively, both Affidavits raised: (a) material credibility issues; and (b) issues regarding the respective Affidavits' admissibility (e.g., the affiants' alleged personal knowledge and their legal/factual conclusions).    Substantively, both Affidavits mis-stated and/or "inaccurately represented" facts relating to personal and subject matter jurisdictional matters; including, as to Sullivan, the procedural status of the parallel Texas state court damages suits (now consolidated into a single case) versus that of his *allegedly* first-filed declaratory judgment action, which by his express language, directly implied the existence of the already pending Texas litigation against HLS and himself as of January 31, 2005, the date Sullivan filed his declaratory judgment action in the Massachusetts superior court.

#### B.

##### Factual Issues Raised by Sullivan's Affidavits
##### Concerning In Personam and Subject Matter Jurisdiction

3.      In his state declaratory judgment action, Sullivan sought declarations of non-liability (an improper use of this cause of action) on the following grounds:

**DEFENDANTS' MOTIONS FOR: (1) LIMITED DISCOVERY ON JURISDICTIONAL ISSUES; AND (2) POST-JURISDICTIONAL DISCOVERY, LEAVE TO FILE SUPPLEMENTAL REPLY AND MEMORANDUM IN SUPPORT**
PAGE 2

**a.** As a former director, shareholder, officer, or alleged successor of HLS, Sullivan is not liable to WFL, Woodruff or OSC for any damages that they incurred resulting from WFL's purchase in 1998 of HLS stock and/or OSC's 2000 acquisition of HLS;

**b.** As a former director, officer, shareholder, or alleged successor of HLS, Sullivan is not liable to WFL, WKW or OSC for any damages that they incurred because OSC, under the asset purchase agreement (2000), agreed to assume all liabilities of HLS, and at the time of its dissolution, "... no claims known to HLS and no facts known to HLS or to become known to HLS..." existed as a "possible basis for a future claim against HLS;"

**c.** Sullivan is not liable to WFL, WKW or OSC for any damages they incurred as a result of WFL's purchase of HLS stock (1998) and/or OSC's acquisition of HLS (2000); and

**d.** Sullivan "is not liable to WFL, WKW or OSC for any damages that they have allegedly incurred."

The universe of issues upon which Sullivan seeks a declaration of non-liability relates to these Defendants' first-pending (November 2004) Texas state court damages claims against him arising out of his conspiracy with additional Massachusetts and Texas Defendants (all of whom have been joined in the consolidated Texas case) to defraud WKW, WFL, OSC, and other shareholders; a conspiracy culminating with the May 2000 acquisition by OSC of HLS's, in fact, worthless "assets." Clearly, Sullivan's requests for declaratory relief seek no relief for the operations of the reconfigured HLS after OSC's May 2000 acquisition of its assets and assumption of some liabilities. Thus, Sullivan's requested relief relates directly to the claims pending in the first-filed Texas litigation.

4.    In his state declaratory judgment complaint, Sullivan alleged specific jurisdictional allegations against Defendants at bar relating to WFL's 1998 $2.0 million investment in HLS, a 1999-2000 private offering of OSC's Series B Preferred Stock, and the 1999-2000 "pump and dump" culminating in the OSC-HLS stock sale for HLS's assets in May

2000.[1]    Defendants moved for dismissal, in part, because they engaged in no contacts with Massachusetts that would properly give rise to this Court's assertion of personal jurisdiction over them (assuming, *arguendo*, minimum contacts of OSC, the exercise of personal jurisdiction would not comport with notions of fair play and substantial justice) with regard to Sullivan's declaratory judgment claims, all of which focused on events that predated OSC's acquisition of HLS's assets.  Limited discovery will pierce Sullivan's defective Affidavits and demonstrate that through early 2002, Sullivan's purposeful jurisdictional contacts with Texas followed a virtually uninterrupted flow of significant activities and communications (written, oral, and in person) upon which the Texas Plaintiffs (including these Defendants) relied to their extreme detriment. Sullivan's extensive jurisdictional contacts with Texas were integral and essential to the parallel Texas state damages claims pending against him **before** he filed his improper Massachusetts declaratory judgment action.[2]

---

[1] To at least initially rebut Sullivan's Affidavits in their Preliminary Reply; Defendants attached WKW's Affidavit (plus attendant Exhibits) filed in opposition to Plaintiff's Texas state court Special Appearance.  In response to Defendants' Motion to Dismiss, Sullivan gave the Court his and Nole's Affidavits, which presented Plaintiffs' version of the underlying facts that allegedly show (for both the 1998 and 2000 transactions, and all points in between) his virtual "sequestration" in Massachusetts, while Defendants' (all Texas residents) were supposedly "camped-out" in Massachusetts.  Of course, Sullivan conveniently "forgot" that, for jurisdictional purposes, the Texas court does not need to find his physical presence in Texas (which most certainly did occur when, for example, Sullivan transacted OSC business as an OSC director), because promoting the Texas Plaintiffs by mail, wire and telephone communications across state lines was amply sufficient.  See *Burger King Corp. v. Rudzewicz*, 471 U.A. 462, 476 (1985).  Sullivan's Affidavits also made numerous jurisdictional allegations about Defendants' supposed Massachusetts contacts after OSC acquired HLS, but they are of no persuasive importance because all of Sullivan's declaratory judgment counts deal with events that commenced in or about late 1997, and ended with OSC's acquisition of HLS in May 2000.  Further, the Texas Plaintiffs first-filed their state law damages suits (now consolidated) against Sullivan and other conspiring Texas and Massachusetts Defendantd for claims arising out of the same transactions.

[2]  Defendants' removal of a state court declaratory judgment action to federal court converted the suit into one brought under the federal Declaratory Judgment Act; including, removal based upon diversity.  Thus, federal law governs whether a district court may dismiss any such declaratory judgment action.  See *Troops v. U.S. Fidelity & Guar. Lo.*, 571 F. Supp. 284, 287 & n.2 (S.D. Tex. 1994), rev'd on other grounds sub nom, *Troops v. Gulf Coast*

(footnote continued to next page)

**5.**     Next, other than diversity jurisdiction invoked by Defendants upon removal, no independent basis for federal subject matter jurisdiction exists over Sullivan's declaratory judgment action originally filed in a Massachusetts state court (i.e., no federal question under the Constitution, or laws/treaties of the United States as required by 28 U.S.C. § 2201 (a)). That is, the first-filed parallel Texas state court damages suits (consolidated into a single Texas action in April 2004) against Sullivan and the other conspiring Texas and Massachusetts Defendants subsumed the entirety of issues and parties that Sullivan raised in his second-filed declaratory judgment suit.

## C.

### Jurisdictional Discovery Avoids a "Battle of the Affidavits" And Would Support Facts For Dismissal

**6.**     Defendants request the Court to permit limited written and oral discovery on subject matter and personal jurisdiction issues relevant to this Court's determination of Defendants' Motion to Dismiss, rather than determining the issues based upon a "battle of the affidavits." Jurisdictional written and oral discovery would place sworn testimony into the record and include a substantive examination under oath about pertinent documentary evidence; thereby enabling the Court to go beyond the Affidavits and determine the matter's truth via discovery focused on jurisdictional facts that will determine whether it can properly hear Sullivan's declaratory judgment claims. **See generally** *Crocker v. Hilton, Int'l Barb., Ltd.*, 976 F. 2d 797, 80 (1st Cir. 1992)(district courts are given broad discretion to determine grant of

---

(footnote continued from previous page)

*Marine, Inc.*, 72 F. 3d 483 (5th Cir. 1996); *DeFeo v. Proctor & Gamble Co.*, 831 F. Supp. 776, 779 (N.D. Cal. 1993);

(footnote continued to next page)

jurisdictional discovery); *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F. 2d 415, 425 (D.C. Cir. 1991)(as a "general matter," discovery under the federal rules "freely permitted" when directed to personal jurisdiction); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F. 2d 535, 540 (9th Cir. 1986)(ordinarily grant discovery where "pertinent facts" bearing on jurisdiction are controverted or where "more satisfactory showing" of facts "necessary"); 5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Pro. § 1351, at 256-59 (2d ed. 1990)("**In particularly complex cases**" [as herein], … "desirable to hold" decision or dismissal motion "in abeyance" to enable discovery on "jurisdictional issue, which might lead to … more accurate judgment than one made solely on…basis of affidavits")(emphasis added).

### D.

### Defendants' Requests for Limited Jurisdictional Discovery Is Not Sought For Purposes of Delay, But to Present the Court with a Complete and Trustworthy Record

7.    Defendants herein, Plaintiffs in the first-filed Texas actions (now consolidated), do not request leave in order to delay this Court's ruling, or for any other unjust purpose. Rather, they seek to fully inform the Court of the pertinent jurisdictional facts and issues connected to these complex transactions; thereby providing it with the universe of relevant materials required to make a reasoned and fair ruling as to whether it has personal jurisdiction over Defendants and subject matter jurisdiction over Sullivan's declaratory judgment action. Permitting Defendants their requested relief would not cause Sullivan any undue prejudice in view of his calculated

_____

(footnote continued from previous page)

*Haagen-Dazs Shoppe Co. v. Barn*, 897 F. Supp. 122, 126 n. 2 (S.D.N.Y. 1995).

postponements of his Texas Special Appearance hearing, and the extended time he received from Defendants to answer their Motion to Dismiss herein.

       **8.**    Therefore, Defendants respectfully request that the Court permit them to conduct oral and written discovery limited to subject matter and personal jurisdiction issues relating to and raised by Defendants' Motion to Dismiss and Sullivan's Opposition. Specifically, Defendants request the Court to issue an order for jurisdictional discovery that:

> **a.** Sets a schedule per the Federal Rules for, respectively, Defendants issuing and Sullivan responding to relevant written interrogatories and a document production before the taking of depositions. As well, Defendants request that the Court authorize written third party production via subpoenas under the Federal Rules.

> **b.** Sets a schedule for Defendants to take the depositions of Sullivan and any other third parties relevant to demonstrating Defendants' lack of outcome determinative contacts with Massachusetts by which to properly assert specific jurisdiction over them, but, on the other hand, the panoply of such jurisdictional contacts by Defendants and Sullivan with Texas;

> **c.** Names a magistrate to hear disputes arising between the parties regarding this jurisdictional discovery and also establishes a protocol for the parties to expeditiously present and secure rulings on any discovery dispute; and

> **d.** Gives Defendants 90-days from any order granting their requested oral and written discovery to complete the same.

### III.

### Defendants' Request to Supplement
### Their Preliminary Reply After Discovery

       **9.**    As set forth above, absent a full presentation of the issues and facts relative to its jurisdiction leaves the Court without reliable and tested building blocks necessary for a fair and reasoned ruling. For this reason, Defendants requested leave to file a Preliminary Reply to

**DEFENDANTS' MOTIONS FOR: (1) LIMITED DISCOVERY ON JURISDICTIONAL ISSUES; AND (2) POST-JURISDICTIONAL DISCOVERY, LEAVE TO FILE SUPPLEMENTAL REPLY AND MEMORANDUM IN SUPPORT**

Sullivan's Opposition and permission to conduct limited jurisdictional discovery, oral and written. Once Defendants have completed their limited jurisdictional discovery per the Court's enabling order, they would request leave to supplement their Preliminary Reply, accordingly, in order to present the Court with the factual and legal authorities for dismissal.

10.    As with their other requests herein, Defendants do not seek to unduly delay the Court's ruling or cause Sullivan unfair prejudice, but, instead, to provide the Court with a full and trustworthy record upon which to make its ruling, which should include presenting the Court with evidence regarding Sullivan's allegations after the completion of limited jurisdictional discovery. Therefore, Defendants ask the Court to grant them leave to supplement their Preliminary Reply within 21 days of completing their discovery per the Court's scheduling order; such supplemental brief not to exceed 15 pages, excluding any documentary evidence attached thereto. This timeframe would allow court reporters to timely provide written deposition volumes to counsel before any supplemental reply due date.

**FOR THESE REASONS**, Defendants respectfully request the relief expressly sought hereinabove and for and further relief, at law or in equity, to which they may be justly entitled.

Dated:  July 21, 2005

Respectfully submitted,

**BOYD & ASSOCIATES**

*Samuel L. Boyd, P.C.*
State Bar No. 02777500

600 University Tower, LB 48
6440 N. Central Expressway
Dallas, Texas  75206
(214) 696-2300
(214) 363-6856 (fax)

AND


JOHN N. LEWIS & ASSOCIATES

Lawrence R. Mehl (BBO#566235)
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109
(617) 523-0777

*Attorneys for **WILLIAM K. WOODRUFF, III,
WOODRUFF FAMILY, LTD. and
OPTICAL SWITCH CORPORATION***

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, this will certify that local counsel for Defendants herein, Lawrence R. Mehl, reached Bernard Bonn, III, Plaintiff Daniel Sullivan's counsel via telephone on July 21, 2005, about the relief sought by this Motion. At that time, Plaintiff Sullivan's counsel refused to agree permitting Defendants to conduct jurisdictional discovery and, thereafter, to file a supplemental brief responding to Plaintiff Sullivan's opposition to dismissal. Therefore, Defendants submit this pleading for the Court's determination.

Samuel L. Boyd, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, July 21, 2005, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants Motion to Dismiss and Memorandum in Support was served via electronic mail **bernard.bonn@dechert.com** or U.S. Mail upon counsel for the Plaintiff, Bernard J. Bonn III, Esquire, Dechert LLP, 200 Clarendon Street, 27th Floor, Boston, MA 02116.

Samuel L. Boyd, P.C.