UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIEL J. SULLIVAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM K. WOODRUFF, III, )<br>WOODRUFF FAMILY, LTD. and )<br>OPTICAL SWITCH CORPORATION )<br>Defendants. )<br>) | Civil Action No.<br>05-CV-10310-MLW<br>[ORAL ARGUMENT REQUESTED] |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE PRELIMINARY REPLY**

This memorandum is being submitted on behalf of Plaintiff Daniel J. Sullivan ("Sullivan") in opposition to the motion of Defendants Optical Switch Corporation ("OSC"), William K. Woodruff, III ("Woodruff") and Woodruff Family Limited ("WFL") (hereinafter jointly referred to as "Defendants") for leave to file a preliminary reply ("Motion for Leave"). Defendants filed their original motion to dismiss and memorandum in support on May 19, 2005 (the "Motion to Dismiss"). Sullivan filed his properly supported opposition to the Motion to Dismiss on July 1, 2005 (the "Opposition to the Motion to Dismiss"). Defendants have filed a preliminary reply to Sullivan's opposition to the Motion to Dismiss (the "Preliminary Reply"), as well as a separate motion for discovery and for leave to file a further supplemental reply following discovery (the "Discovery Motion"). Sullivan has filed an opposition to the Discovery Motion ("Opposition to the Discovery Motion") which accompanies this memorandum.

Defendants seek to accomplish now what they should have accomplished when they first filed their Motion to Dismiss. Defendants had sufficient opportunity to present their jurisdictional arguments to this Court with their Motion to Dismiss. They clearly stated in their Motion to Dismiss that "Plaintiff's declaratory judgment action should be dismissed for two reasons. First, this Court does not have personal jurisdiction over the Defendants who are all

10041341.1.LITIGATION

citizens of Texas....Second, there is no basis for federal subject matter jurisdiction over plaintiff's state law declaratory judgment action." Motion to Dismiss, p. 1. Yet, Defendants did not provide this Court with any affidavits or any other evidence in support of their argument. Sullivan's Opposition to the Motion to Dismiss did not raise any new matters; instead, it simply argued that personal and subject matter jurisdiction were in fact present and he supported his argument with affidavits and exhibits demonstrating Defendants' multiple and extensive contracts with Massachusetts. That Defendants filed an unsupported and superficial motion to dismiss should not give them the right to now file a reply raising matters to which Sullivan would have no chance to respond.

## CONCLUSION

Sullivan addresses Defendants' arguments in more detail in his Opposition to the Discovery Motion, which is incorporated by reference and to which the Court respectfully is referred.

Accordingly, and for the foregoing reasons, Plaintiff Daniel J. Sullivan respectfully requests that this Court deny Defendants' Motion for Leave.

Dated: Boston, MA
       August 4, 2005

                                        Respectfully submitted,

                                        DECHERT LLP

                                    By: /s/ Bernard J. Bonn III
                                        Bernard J. Bonn III (BBO#049140)
                                        Matthew M. Lyons (BBO# 657685)
                                        200 Clarendon Street, 27th Floor
                                        Boston, MA 02116
                                        (617) 728-7100

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party on August 4, 2005.

_____
Bernard J. Bonn, III