UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL J. SULLIVAN,<br>Plaintiff,<br><br>v.<br><br>WILLIAM K. WOODRUFF, III,<br>WOODRUFF FAMILY, LTD. and<br>OPTICAL SWITCH CORPORATION,<br>Defendants | )<br>)<br>)<br>)<br>)<br>) 05-CV-10310-MLW<br>)<br>)<br>)<br>)<br>) |

## PROPOSED JOINT SCHEDULING STATEMENT

**INTRODUCTION**

The Plaintiff Daniel J. Sullivan ("Plaintiff") and Defendants William K. Woodruff, Woodruff Family, Ltd. and Optical Switch Corporation (collectively "Defendants") hereby file this Proposed Joint Scheduling Statement, pursuant to Fed.R.Civ.P. 26(f) and L.R.. 16.1.

Pursuant to L.R. 16.1(B), counsel for the respective parties have met and conferred, and they have discussed an agenda for the scheduling conference, a proposed pretrial schedule including a plan for discovery, and the parties' willingness to consent to trial before a magistrate judge.

**PLAINTIFF'S STATEMENT**

Neither this Court's Order scheduling a hearing on the pending motions for February 27, 2006, the Notice of Scheduling Conference, nor L.R.16.1 calls for a "statement" or other argument on the merits of this action or Defendants' pending motions. Nevertheless, Defendants insist upon including such argument in this proposed scheduling statement. Defendants' argument is neither factually accurate, legally sound, nor proper under L.R.16.1. Accordingly, Plaintiff objects to its inclusion in this scheduling document and respectfully refers the Court to a correct recitation of the facts and the law in Plaintiff's papers in opposition to Defendants'

pending motions and Plaintiff will be prepared to address Defendants' arguments at the hearing on February 27, 2006.

**DEFENDANTS' STATEMENT**

Plaintiff is asking this Court to intervene in litigation previously (and presently) pending in the courts of another state to make an ultimate determination of plaintiff's liability that is the subject matter of such other state court's action.

On or about January 31, 2005, the Plaintiff, a Massachusetts resident, filed a Complaint for Declaratory Judgment in Norfolk County Superior Court, which was subsequently removed by the Defendants to this Court. Defendants were at all relevant times, residents, domiciliaries or incorporated in the State of Texas. At the date of the Plaintiff's filing, there was one or more parallel state court damages lawsuits pending in Texas. The universe of issues upon which the Plaintiff seeks a declaration of non-liability relates to the Defendants' <u>first pending</u> (November, 2004) Texas state court damages claims against him arising out of his conspiracy with additional Massachusetts and Texas Defendants (all of whom have been joined in the consolidated Texas case) to defraud the defendants and others. The Plaintiff's extensive jurisdictional contacts with Texas were integral and essential to the parallel Texas state damages claims pending against the Plaintiff before he filed his complaint in Massachusetts. Despite having filed his Complaint more than one year ago, Plaintiff has not filed his Initial Disclosures as required by Fed.R.Civ.P 26(a)(1).

**PROPOSED AGENDA**

In addition to the proposed pre-trial schedule set forth below, the following motions presently are pending before the Court:

1. Defendants' motion to dismiss for lack of personal jurisdiction and for lack of federal subject matter jurisdiction.

2. Defendants' motion for leave to file preliminary reply in support of motion to dismiss.

3. Defendants' motion for limited discovery on jurisdictional issues.

4. Defendants' motion for post-jurisdictional discovery and for leave to file supplemental reply.

5. Motion of Samuel L. Boyd for leave to withdraw appearance for Woodruff.

6. Motion of Lawrence R. Mehl for leave to admit William A. Roever, Esq. as primary counsel for the defendants.

All of these motions have been briefed and are pending before the Court, and Plaintiff does not oppose Attorney Boyd's withdrawal or Attorney Roever's admission, provided the substitution does not further delay this action.

**PROPOSED PRETRIAL SCHEDULE**

Unless the Court grants Defendants' Motion to Dismiss, the parties can commence discovery after the Defendants file an answer and as soon as each party serves its automatic disclosures in accordance with Fed.R.Civ.P. 26(a)(1) and L.R. 26.2(A). If Defendants' Motion is not granted:

1. Automatic disclosures shall be served within fourteen (14) days from the date after denial of Defendants' Motion.

2. The parties each shall serve his or their first set of interrogatories and first document request within thirty (30) days after service of the automatic disclosures. It may be necessary to exceed the limitations established by L.R. 26.1(C) and if so, the parties will seek appropriate relief from the Court.

3. Any follow up interrogatories or document requests shall be served within thirty (30) days after receipt of the initial interrogatory answers and objections and receipt of the initial document responses and objections.

4. Any motions to compel further answers to interrogatories or further responses to document requests shall be served within twenty (20) days after the final conference between counsel to resolve any discovery disputes.

5. Non-expert depositions shall be completed within sixty (60) days of completion of written discovery and/or the resolution of any motions to compel discovery. Any motions to compel answers to deposition questions shall be made within twenty (20) days after receipt of the relevant transcript.

6. The party with the burden of persuasion on any issue who intends to offer expert testimony on such issue shall identify its affirmative expert(s) and the subject matter(s) of the proposed testimony within thirty (30) days of the completion of non-expert depositions and shall file the initial affirmative report(s) for such expert(s) within thirty (30) days of such identification.

7. The party responding to affirmative expert testimony shall identify the responding expert(s) and the subject matter(s) of the proposed testimony within twenty (20) days of the receipt of the affirmative expert report(s) and shall file responsive expert report(s) within thirty (30) days of such counter-identification.

8. The parties shall complete expert depositions within sixty (60) days of the exchange of the expert report(s).

9. Any request(s) for admissions shall be served within twenty (20) days following the completion of expert depositions.

10. Any dispositive motion(s) shall be filed within forty-five (45) days following the completion of expert depositions.

11. A settlement conference shall be held on a date to be scheduled by the Court.

12. If a settlement is not reached by the parties, a hearing on all dispositive motions shall be held on a date to be scheduled by the Court.

13. Provided all dispositive motions, if any, have been resolved, a pre-trial conference shall be held if necessary on a date to be scheduled by the Court.

14. The parties shall be ready for trial on or after May 1, 2007 on a date to be scheduled by the Court. This is a non-jury case and the parties estimate the trial will require 7-10 days.

**SETTLEMENT**

Counsel for Sullivan has made a written settlement proposal pursuant to L.R. 16.1(C), and counsel for Woodruff has conferred with its clients and will be prepared to respond to the settlement proposal at or before the scheduling conference.

**CONSENT TO TRIAL BY MAGISTRATE**

At this time, the parties do not consent to trial by magistrate.

**LOCAL RULE 16.1 (DM3) CERTIFICATIONS**

Pursuant to L.R. 16.1 (D)(3), the certifications of Sullivan and Woodruff and their respective counsel are attached.

Dated: February 17, 2006

           Respectfully submitted,

           The Plaintiff, Daniel J. Sullivan
           By his attorneys,

           DECHERT, LLP
           Bernard J. Bonn III (BBO # 049140)
           Matthew M. Lyons (BBO # 657685)
           200 Clarendon Street, 27th Floor
           Boston, MA 021 16
           (6 17) 728-7100
           bernard.bonn@dechert.com
           matthew.lyons@dechert.com

           The Defendants, William K. Woodruff, III,
           Woodruff Family, LTD. and Optical Switch Corp.
           By their attorneys,

           William A. Roever
           State Bar No. 17162000
           3624 Asbury Street
           Dallas, TX  75205
           (214) 207-4850

           And

           Lawrence R. Mehl (BBO # 566235)
           JOHN N. LEWIS & ASSOCIATES
           2 1 Merchants Row, 5'h Floor
           Boston, MA 02 109
           (617) 523-0777
           l.mehl@comcast.net

## **LOCAL RULE 16.1(D)(3) CERTIFICATION**

Plaintiff Daniel J. Sullivan and his counsel Bernard J. Bonn III hereby certify that they have complied with Local Rule 16.1(D)(3) by conferring (a) with a view to establishing a budget for the full course and alternative courses for this litigation and (b) to consider the resolution of this litigation through alternative dispute resolution programs.

_____          _____
Daniel J. Sullivan                                    Bernard J. Bonn III

## LOCAL RULE 16.1(D)(3) CERTIFICATION

Defendants William K. Woodruff, III, Woodruff Family Ltd. and Optical Switch Corporation by William K. Woodruff, III and their counsel William A. Roever hereby certify that they have complied with Local Rule 16.1(D)(3) by conferring (a) with a view to establishing a budget for the full course and alternative courses for this litigation and (b) to consider the resolution of this litigation through alternative dispute resolution programs.

_____
William K. Woodruff, III

_____
William A. Roever

H0367233.1 LITIGATION