UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DANIEL J. SULLIVAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 05-CV-10310-MLW |
| WILLIAM K. WOODRUFF, III, ) | |
| WOODRUFF FAMILY, LTD. and ) | |
| OPTICAL SWITCH CORPORATION ) | |
| Defendants. ) | |

County of Suffolk       )
                        ) ss.
Commonwealth of Massachusetts )

## AFFIDAVIT OF BERNARD J. BONN, III IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN OPPOSITION TO DEFENDANTS' OTHER PENDING MOTIONS

Bernard J. Bonn III, being duly sworn, states as follows:

1. I am a member of the bar of this Court and a member of the firm of Dechert LLP, attorneys for Plaintiff Daniel J. Sullivan ("Sullivan"). I submit this affidavit on personal knowledge in support of Plaintiff's Opposition to Defendants' Motion to Dismiss, Opposition of Plaintiff to Motion of Defendants for Discovery on Jurisdictional Issues and for Leave to File Supplemental Reply and Plaintiff's Opposition to Defendants' Motion for Leave to File Preliminary Reply.

2. On February 17, 2006, an order sustaining the special appearance of Sullivan was issued in an action in Texas County Court ( the "Texas Action") in which Sullivan was one of the named defendants. The Defendants in this action, William K. Woodruff III, Woodruff Family Ltd. and Optical Switch Corporation ("Defendants"), are, among others, named plaintiffs in the Texas Action. I have attached a copy of that order to this affidavit as Exhibit 1 (the "Order").

3. A special appearance is a procedure used in Texas County Court to challenge personal jurisdiction. Sullivan filed a special appearance in the Texas Action to challenge Defendants' attempt to assert long arm jurisdiction over him in Texas. By granting the special appearance, the Texas County Court found that it did not have personal jurisdiction over Sullivan. The hand written portion of the Order relates to Texas Civil Practice and Remedies Code sec. 16.064, which, in general, provides that if a suit initially is filed in a court that lacks jurisdiction, the limitations period will nevertheless be abated for the entire time the suit was pending in the improper court if suit is re-filed in a proper court within 60 days of the dismissal of the wrongfully filed action.

4. The Order means that currently there are no cases pending in any jurisdiction other than this action in the District of Massachusetts involving Sullivan and Defendants. In their motions, including their Motion to Dismiss, Defendants suggest that this action more properly belongs in Texas and rely on the Texas Action in which Sullivan had been a named party. In light of the Order in the Texas Action dismissing Sullivan and finding no personal

jurisdiction over Sullivan in Texas, Defendants' various arguments are without merit and their motions should be denied.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24th DAY OF FEBRUARY, 2006.

/s/ Bernard J. Bonn III
Bernard J. Bonn III

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 24, 2006. I also certify that a copy will be mailed via first class mail to William A. Roever, Esq. at 3624 Asbury Street, Dallas, TX 75205.

/s/ Bernard J. Bonn III
Bernard J. Bonn III

# EXHIBIT 1

CAUSE NO. CC-04-13245-C

| | | |
|---|---|---|
| OSC SHAREHOLDER LITIGATION TRUST, OPTICAL SWITCH CORPORATION, AND WILLIAM K. WOODRUFF, III, INDIVIDUALLY, AND ON BEHALF OF WOODRUFF FAMILY LIMITED, | § § § § § § § | IN THE COUNTY COURT |
| Plaintiffs, | § § | |
| v. | § § | AT LAW NO. 3 |
| HOLOGRAPHIC LITHOGRAPHY SYSTEMS, INC., GARY P. NABHAN, DANIEL J. SULLIVAN, BAKER BOTTS, L.L.P., ROBERT GIORDANO, WILLIAM MCCARTHY, BARRY COFFMAN, WILL VOLKMANN, WASSERSTEIN PERELLA, INC. n/k/a DRESDER, KLEINWORT WASSERSTEIN, INC., and KERRY NORTH, | § § § § § § § § § § | |
| Defendants. | § § | DALLAS COUNTY, TEXAS |

*It is FURTHER ORDERED THAT IF, BETWEEN THE DATE OF THIS ORDER AND 60 DAYS THEREAFTER, PLAINTIFFS FILE THEIR CLAIMS and causes of action IN A JURISDICTION IN WHICH DEFENDANTS HAVE MINIMUM CONTACTS SUFFICIENT TO SATISFY DUE PROCESS, THEN THE STATUTE OF LIMITATIONS SHALL BE TOLLED a minimum of 60 DAYS HEREFROM.

## ORDER

Upon a hearing pursuant to Texas Rule of Civil Procedure 120a and consideration of the special appearances of Defendants Barry Coffman, Robert Giordano, ~~and~~ Will Volkmann, and Daniel J. Sullivan, the evidence, Plaintiffs' Sixth Amended Petition, and the arguments of counsel, the Court SUSTAINS the special appearances challenging its jurisdiction over their persons. DANIEL J. SULLIVAN,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that, as to Defendants Barry Coffman, Robert Giordano, and Will Volkmann, Plaintiffs' suit is dismissed ~~with~~ without prejudice, ~~for refiling in Texas and that Plaintiffs shall take nothing.~~ All relief not ~~expressly~~ granted herein is denied.

Signed this 17 day of February, 2006.

_____
JUDGE PRESIDING