```
DANIEL J. SULLIVAN,                )
    Plaintiff,                     )
        v.                         )   Cr. No. 05-10310-MLW
                                   )
WILLIAM WOODRUFF, III, ET AL.,     )
    Defendants                     )
```

ORDER

WOLF, D.J.                                              March 2, 2006

For the reasons stated in court on March 2, 2006, it is hereby ORDERED that:

1. The defendants' Motion to Dismiss (Docket No. 7) is DENIED.

2. The defendants' Motions for Jurisdictional Discovery and to file a post-discovery reply brief (Docket No. 18) are DENIED.

3. The defendants' Motion to File a Preliminary Reply to Plaintiff's Opposition to Dismissal for Lack of Jurisdiction (Docket No. 17) is ALLOWED as to the arguments it raises in relation to personal jurisdiction. The arguments relating to the Declaratory Judgment Act were brought for the first time in the reply brief and, therefore, were improperly raised. Thus, the court did not consider those arguments. Brandt v. Wand Partners, 242 F.3d 6, 17 (1st Cir. 2001). Wills v. Brown University, 184 F.3d 20, 27 (1st Cir. 1999).

4. The defendants shall, by April 7, 2006, either cause new lead counsel to appear or ask the court for an extension until April 21, 2006 to cause new lead counsel to appear.

5. If the new counsel appears by April 7, 2006, the

defendants shall file an answer and any counterclaims by May 5, 2006.

    6.  The parties shall by May 19, 2006, respond to the attached order for a Scheduling Conference.

    7.  A Scheduling Conference will be held on May 25, 2006, at 4:00 p.m.

    8.  If the court provides the defendants until April 21, 2006 to cause new counsel to appear, then all the deadlines are extended by two weeks, and the Scheduling Conference will be held on June 13, 2006, at 4:00 p.m.

                              /s/ MARK L. WOLF
                              UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

DANIEL SULLIVAN                                                                            CIVIL ACTION
                                                                                           NO.   05-10310-MLW
V.

WILLIAM WOODRUFF et al

**NOTICE OF SCHEDULING CONFERENCE/MOTION HEARING**

An initial scheduling conference will be held in Courtroom No. 10 on the 5 floor at 4:00 p.m. on MAY 25, 2006, in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

March 3, 2006                                                                              Mark L. Wolf
   Date                                                                                    United States District Judge
                                                                     By:    /s/ Dennis O'Leary
                                                                                           Deputy Clerk

---

[1] These sections of Local Rule 16.1 provide:

(B) <u>Obligation of counsel to confer</u>. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty-one (21) days before the date for the scheduling conference for the purpose of:

(1) preparing an agenda of matters to be discussed at the scheduling conference,

(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

(3) considering whether they will consent to trial by magistrate judge.

(C) <u>Settlement proposals</u>. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

(D) <u>Joint statement</u>. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

(1) a joint discovery plan scheduling the time and length for all discovery events, that shall

(a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

(b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

(2) a proposed schedule for the filing of motions; and

(3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

(16b-notice-1.wpd - 12/00)                                                                 [ntchrgcnf.  schedcnfddl.]